**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN MIKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | FILED: AUG 06, 2008 |
| ASSET ACCEPTANCE, LLC, and | ) | 08CV4435 |
| HARVARD COLLECTION SERVICES, INC., | ) | JUDGE BUCKLO |
| | ) | MAGISTRATE JUDGE DENLOW |
| Defendant. | ) | RCC |

## COMPLAINT

### I.    Preliminary Statement

1.      This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended.*

### II.    Jurisdiction and Venue

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III.    Parties

3.      Plaintiff, STEVEN MIKA, is an adult individual and citizen of the State of Illinois.

4.      Defendant, ASSET ACCEPTANCE, LLC, is a business entity that regularly conducts business in the State of Illinois, and is a corporation whose principal place of business is located in the State of Michigan.  Furthermore, at all relevant times herein, Defendant acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed Nicor Gas.

5.      Defendant, HARVARD COLLECTION SERVICES, INC., is a business entity that regularly conducts business in the State of Illinois, and is a corporation whose principal place of business is located in the State of Illinois.  Furthermore, at all relevant times herein, Defendant acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed ComEd.

6.      Defendants have been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies. Defendants are aware that the credit reporting agencies to whom they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

7.      The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit with the Defendants.  Specifically, the Plaintiff asserts that the accounts were over seven years old, however, Defendants have disseminated information that the accounts are reported accurately as belonging to Plaintiff with a current unpaid balance.

8.      The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

9.      The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

10.     In May of 2008, Plaintiff disputed the inaccurate information with the credit reporting agencies by written communication to its representatives and by following the reporting agencies' established procedure for disputing consumer credit information.

11.     Upon information and belief, within five (5) days of Plaintiff notifying the aforementioned credit reporting agency, said agency notified Defendants of Plaintiff's dispute and the nature of the dispute.

12.     Defendants then and there owed to Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff.

13.     Notwithstanding Plaintiff's efforts and Defendants' duties, Defendants continued publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other credit reporting agencies.

14.     Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

15.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a.     Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   b.     Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   c.     Decreased credit score which may result in inability to obtain credit on future attempts.

16.     At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

17.     At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

### IV.    Allegations

### COUNT ONE
### VIOLATIONS OF FCRA v. ASSET ACCEPTANCE, LLC

18.     Plaintiff re-alleges and incorporates paragraphs 1 – 17 as though the same were set forth at length herein.

19.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21.     At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

22.     This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a)     willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b)     willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

(c)    willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(d)    willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(e)    willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

(f)    willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

23.    This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## COUNT TWO
## VIOLATIONS OF THE FDCPA v. ASSET ACCEPTANCE, LLC

24.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.    In August of 2000, Plaintiff moved out of his home and began a voluntary foreclosure as a result of his impending divorce.

26.    While residing in the home Plaintiff and his now ex-spouse maintained an account with Nicor Gas which should have been closed when Plaintiff vacated the home in August of 2000.

27.     In 2008, when Plaintiff accessed his credit file, he discovered the account with Nicor Gas reported by Defendant as past due and owing with a balance of $2101.

28.     As the account was over seven years old, Plaintiff disputed the validity of the reporting with Defendant and in June of 2008, the account was verified as accurately reported.

29.     In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

  a.     Falsely represented the character, amount or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A).

30.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

**COUNT THREE**
**VIOLATIONS OF FCRA v. HARVARD COLLECTION SERVICES, INC.**

31.     Plaintiff re-alleges and incorporates paragraphs 1 – 17 as the same were set forth at length herein.

32.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

33.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

34.     At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

35.     This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

  (a)     willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b)     willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

(c)     willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(d)     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(e)     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

(f)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

36.     This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## COUNT FOUR
## VIOLATIONS OF THE FDCPA v. HARVARD COLLECTION SERVICES, INC.

37.     Plaintiff re-alleges and incorporates paragraphs 1 – 17 and 31 through 36 as the same were set forth at length herein.

38.     In August of 2000, Plaintiff moved out of his home and began a voluntary foreclosure as a result of his impending divorce.

39.     While residing in the home Plaintiff and his now ex-spouse maintained an account with ComEd which should have been closed when Plaintiff vacated the home in August of 2000.

40.     In 2008, when Plaintiff accessed his credit file, he discovered the account with ComEd reported by Defendant as past due and owing with a balance of $643.

41.     As the account was over seven years old, Plaintiff disputed the validity of the reporting with Defendant and in June of 2008, the account was verified as accurately reported.

42.     In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

      a.     Falsely represented the character, amount or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A).

43.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    Jury Trial Demand

44.     Plaintiff demands trial by jury on all issues so triable.

## VI.    Prayer For Relief

WHEREFORE, Plaintiff, STEVEN MIKA, seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

(e)    An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f)    An order directing that Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g)    Such other and further relief as may be necessary, just and proper.


Respectfully Submitted,
**STEVEN MIKA**

By:    s/Larry P. Smith
         Attorney for Plaintiff


Larry P. Smith
Larry P. Smith & Associates, Ltd.
205 N. Michigan Ave., 40th Floor
Chicago, IL 60601
Ph.    (312) 222-9028
Fax    (312) 602-3911
e-mail  lsmith@lpsmithlaw.com